UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X
                                           :

ALAN CHRISTOPHE,                         :
                                             :

                        Plaintiff,          :
                                             :

            -v-                          :                 25 Civ. 2607 (JPC)
                                           :

FINGER & FINGER, P.C.,               :           OPINION AND ORDER
                                           :

                        Defendant.       :
                                             :
------------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

Plaintiff Alan Christophe brings suit against Defendant Finger & Finger, P.C. under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq.* Defendant has moved to dismiss Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. For the reasons that follow, Defendant's motion to dismiss is granted. The Court also grants Plaintiff leave to file an amended complaint in the event he believes he can cure the pleading deficiencies discussed below.

## I. Background

### A. Facts[1]

Plaintiff alleges that since 2000, Defendant, a law firm, has improperly demanded mortgage payments from Plaintiff over his protest. Compl. ¶¶ 2, 8. He contends that Defendant has made "improper submissions" of "deleterious matters" that have negatively impacted his credit score and credit worthiness. *Id.* ¶¶ 4, 7, 10.

### B. Procedural History

Plaintiff commenced this action against Defendant on March 29, 2025. Dkt. 1. The Complaint purports to bring a claim under the FCRA without specifying which provisions, if any, Defendant allegedly violated. *See* Compl. ¶¶ 3, 5-6. Even so, the Complaint seeks $1,000 in statutory damages "for each violation," plus attorneys' fees. *Id.* ¶ 12. On June 11, 2025, the Court set a briefing schedule on Defendant's anticipated motion to dismiss. Dkt. 11. Defendant filed its motion on July 10, 2025. Dkts. 17, 19 ("Motion"). After the Court granted an extension, Dkt. 22, Plaintiff filed his response on August 15, 2025. Dkt. 24 ("Opposition"). Defendant replied on

---

[1] The facts contained in this section, which are assumed true solely for purposes of this Opinion and Order, are taken from Plaintiff's Complaint, Dkt. 1 ("Compl."). *See Interpharm, Inc. v. Wells Fargo Bank, Nat'l Ass'n*, 655 F.3d 136, 141 (2d Cir. 2011) (explaining that on a motion to dismiss pursuant to Rule 12(b)(6), the court must "assum[e] all facts alleged within the four corners of the complaint to be true, and draw[] all reasonable inferences in plaintiff's favor"). The Court excludes the declarations and attached exhibits submitted by Defendant in support of its motion, Dkts. 18, 26, as well as the declarations and attached exhibits submitted by Plaintiff in opposition to Defendant's motion, Dkts. 23, 25. None of these documents was attached to Plaintiff's threadbare, twelve-paragraph Complaint, and those documents were neither incorporated by reference nor integral to the Complaint. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002). When "matters outside the pleadings are presented in response to a 12(b)(6) motion," a court "may exclude the additional material and decide the motion on the complaint alone." *Fonte v. Bd. of Managers of Cont'l Towers Condo.*, 848 F.2d 24, 25 (2d Cir. 1988); *accord Nakahata v. N.Y.-Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 202 (2d Cir. 2013) ("We do not consider matters outside the pleadings in deciding a motion to dismiss for failure to state a claim."). Just so here.

August 28, 2025.  Dkt. 27 ("Reply").

## II.  Standard of Review

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  A complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555.  Although a court must "accept[] as true the factual allegations in the complaint and draw[] all inferences in the plaintiff's favor," *Biro v. Condé Nast*, 807 F.3d 541, 544 (2d Cir. 2015), it need not "accept as true legal conclusions couched as factual allegations," *LaFaro v. N.Y. Cardiothoracic Grp., PLLC*, 570 F.3d 471, 475-76 (2d Cir. 2009).

## III.  Discussion

Although not specified in the Complaint, Plaintiff purports to claim that Defendant violated three provisions of the FCRA: 15 U.S.C. § 1681s-2(a), 15 U.S.C. § 1681s-2(b), and 15 U.S.C. § 1681b(f).[2]  Opposition at 2-3.  But "there is no private cause of action for violations of § 1681s-2(a)."  *Longman v. Wachovia Bank, N.A.*, 702 F.3d 148, 151 (2d Cir. 2012).  So the Court dismisses that claim with prejudice and without leave to amend.  That leaves Plaintiff's claims for violations of Sections 1681s-2(b) and 1681b(f).

---

[2] Plaintiff also references 15 U.S.C. §§ 1681n and 1681*o*, Opposition at 2-3, under which "a plaintiff must show that the violation of the FCRA was willful or negligent" to "recover damages," *Suluki v. Credit One Bank, NA*, 138 F.4th 709, 721 (2d Cir. 2025).

3

Section 1681s-2(b) "requires furnishers of credit information to investigate consumer disputes forwarded to them by reporting agencies." *Bocci v. Nationstar Mortg. LLC*, No. 23 Civ. 1780 (JPC), 2024 WL 4326932, at *8 (S.D.N.Y. Sept. 27, 2024). Specifically, "upon receiving a notice of a credit dispute from a credit reporting agency," furnishers must "'conduct an investigation with respect to the disputed information,' among other things." *Id.* (quoting 15 U.S.C. § 1681s-2(b)(1)). "To state a claim under this provision, the plaintiff must allege that (1) a furnisher received notice of a credit dispute from a credit reporting agency (as opposed to from the consumer alone) and (2) the furnisher negligently or willfully failed to conduct a reasonable investigation." *Id.* (citation modified). Here, Plaintiff has "not pleaded in even a conclusory fashion all of the elements of a FCRA violation under 15 U.S.C. § 1681s-2(b)." *Nials v. Bank of Am.*, No. 13 Civ. 5720 (AJN), 2014 WL 1174504, at *8 (S.D.N.Y. Mar. 21, 2014). While the Complaint alleges that Defendant made "improper submissions" that hurt his credit, Compl. ¶¶ 4, 7, 10, Plaintiff has not pleaded that he "contacted a consumer credit rating agency about any allegedly incorrect reports, that the agency notified [Defendant] regarding the dispute, or that Defendant[] failed to properly investigate," *Nials*, 2014 WL 1174504, at *8. And although Plaintiff's brief asserts that "[d]espite the Defendant receiving notice of Plaintiff's dispute, the Defendant took no further steps to investigate the information," Opposition at 4, "a party cannot amend its pleadings through a brief," *Bocci*, 2024 WL 4326932, at *8 (internal quotation marks omitted). So the Complaint fails to state a claim under Section 1681s-2(b).

Under Section 1681b(f), "[a] person shall not use or obtain a consumer report for any purpose unless (1) the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section; and (2) the purpose is certified in accordance with [15 U.S.C. § 1681e] by a prospective user of the report through a general or specific certification."

4

15 U.S.C.§ 1681b(f) (citation modified).  To state a Section 1681b(f) claim, "a plaintiff must allege both that the defendant used or obtained the plaintiff's credit report for an impermissible purpose and that the violation was willful or negligent." *Perl v. Am. Exp.*, No. 11 Civ. 7374 (KBF), 2012 WL 178333, at *2 (S.D.N.Y. Jan. 19, 2012) (internal citations omitted).  Once more, the Complaint lacks even conclusory allegations of these elements, instead alleging only an "improper submission by defendant of deleterious matters."  Compl. ¶ 7.  The Complaint thus fails to state a claim under Section 1681b(f), too.

While Plaintiff does not seek leave to amend the Complaint, the Court will allow him leave to do so, *see* Fed. R. Civ. P. 15(a)(2), provided that he "believes in good faith that [he] can address the pleading deficiencies identified herein," *Bocci*, 2024 WL 4326932, at *17.  Plaintiff is further advised that an amended complaint "would completely replace—not supplement"—the original Complaint, so "any allegations and materials that [he] would like the Court to consider must be pleaded in or attached to the new complaint." *Id.*  Given the troubling inadequacy of the original Complaint, the Court reminds Plaintiff's counsel of his obligations under Federal Rule of Civil Procedure 11(b) should he decide to file an amended complaint.

### IV.  Conclusion

For the above reasons, the Court grants Defendant's motion to dismiss.  If Plaintiff chooses to file an amended complaint, he must do so within fourteen days of the issuance of this Opinion and Order.  If he fails to file an amended complaint within fourteen days, or fails to obtain an extension of time to do so by that date, the Court will dismiss the remaining FCRA claims with prejudice and enter judgment in Defendant's favor.

The Clerk of Court is respectfully directed to close Docket Number 17.

SO ORDERED.

Dated: March 3, 2026
      New York, New York

                                              JOHN P. CRONAN
                                  United States District Judge